UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENARD DARNELL NEAL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Respondent. | Case No.: 1:12-cv-00708-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　The instant petition was filed on April 27, 2012, and appears to challenge a November 10, 1990 conviction for bank robbery and/or Petitioner's September 8, 2011 indictment for making false liens and encumbrances against United States employees. (Doc. 1). The petition provides few other details and nothing that would indicate the court or courts in which these prosecutions occurred or the sentences to which Petitioner may have been subjected.[1]

---

[1] Indeed, the Court can glean only that his prosecutions occurred in federal court somewhere given Petitioner's statement that, "The federal district court which ordered commitment of this Petitioner, under Section 3231, lacked jurisdiction and, therefore, any judgment and commitment order is *void ab initio.*" Id. at 2. Likewise, Petitioner reports that his direct

However, what is entirely clear from the petition is that Petitioner is arguing that the criminal prosecutions and/or indictments are invalid because of a lack of jurisdiction on the part of the trial courts. Because the Court has determined that Petitioner's claim challenges his conviction(s), and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegations that the trial courts lack jurisdiction to prosecute him are a direct challenge to the conviction and sentence, not to the manner in which his sentence is being executed. Thus, the proper vehicle for challenging such an error is a motion to vacate, set aside, or correct the

---

appeals was denied in May 1995 and his previous § 2255 petition was filed in August 1995 and denied in June 1998. Id. at 16.

sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after

he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-1061.

Here, Ivy is dispositive. In that case, petitioner, who was convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where he was confined, that he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on its merits, while the second and third motions were denied as second and successive motions. Id. In 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This Petitioner has failed to do. As in Ivy, Petitioner has not established any relevant intervening change in the law since his conviction(s) that would trigger the savings clause, nor has he established that he could not have raise these claims in his original appeal or, at the very least, in a prior motion pursuant to § 2255. Petitioner, therefore, cannot credibly contend that he has not had an unobstructed procedural shot at presenting his claims in the

trial court. Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause. Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28

---

[1] A petition for writ of habeas corpus pursuant to § 2255 must be filed in the court where petitioner was originally sentenced.

U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 8, 2012**                                    **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE